SCHOTT, Judge.
The widow and children of Gerald J. Ge-genheimer brought this wrongful death action against New Orleans Public Service, Inc. (NOPSI), the Louisiana Department of Highways and the City of New Orleans. The case against NOPSI was tried to a jury which returned a verdict in favor of plaintiffs for $200,000. The trial judge dismissed the suit against the other defendants. Both NOPSI and plaintiffs have appealed.
The decisive issue in the case is the decedent’s contributory negligence. The record makes it crystal clear that the jury’s resolution of this issue in plaintiffs’ favor constituted error which was blatant and manifest compelling us in the exercise of our constitutional duty to reverse the judgment awarded plaintiffs.
The accident occurred at about 7 P.M. on January 18, 1971, at the intersection of Chef Menteur Highway and Paris Road in New Orleans. It was dark, the weather was clear and the roadways dry. At this intersection Chef Menteur Highway ran east and west and consisted of four lanes, each twelve feet wide with two lanes on each side of a thirty-two foot wide neutral ground. Paris Road, twenty feet eight inches wide, ran north-south and was perpendicular to the highway. There was a fifty-two foot break or cut in the neutral ground to accommodate the crossing of Paris Road. The intersection was controlled by a combination of five semaphore signals strung across the highway with one over each lane of traffic and one over the center of the intersection. The speed limit for highway traffic was fifty-five miles per hour.
Before the accident decedent was operating his pickup truck west on the highway in the left lane of traffic. Intending to make a left turn at Paris Road, he activated his left turn signals. Facing him on the neutral ground were two signs reading: “Left Turn On Green Permitted.” Since the light facing him was green he turned into the crossover and without stopping continued across the east bound lanes of the highway. As he crossed the second lane his truck was struck broadside by a NOPSI bus.
LSA-R.S. 32:122 provides as follows:
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.” [1]
Every witness who testified, including the bus driver, a passenger on the bus and a motorist who was in his automobile on Paris Road north of the highway waiting for the light to change, agreed that decedent simply left the neutral ground and entered the path of the bus without stopping. This was *913 a clear violation of the quoted statute. Plaintiffs raised no question about decedent’s duty to yield and, indeed, produced as witnesses a police officer and two traffic engineers who discussed the duty of a left hand motorist to yield to vehicles approaching from the opposite direction.
Plaintiffs argue last clear chance but this theory cannot fit the facts of the case. Until decedent began to leave the neutral ground area the bus driver had a right to assume that decedent would not violate the law and enter directly into his path. The evidence is uncontradicted that decedent was traveling only ten to fifteen miles per hour as he began to turn and crossed the neutral ground. From that point when he left the neutral ground he traveled 20.5 feet to the point of impact and at fifteen miles per hour was traveling twenty-two feet per second. Thus, the bus driver had less than a second in which to anticipate that decedent would attempt to cross over in front of him.
All of the evidence establishes that the bus was traveling forty to forty-five miles per hour or about sixty-five feet per second. Plaintiffs produced two expert witnesses who testified that the minimum reaction and braking time for the bus would require 150 feet and 244 feet respectively. In either case, it was physically impossible for the bus driver to avoid the collision.
We are keenly aware of the restraints on appellate review enunciated in Canter v. Koehring Co., 283 So.2d 716 (La.1973). We have no hesitation about reversing this judgment because there is absolutely no evidence to support exoneration of decedent from contributory negligence as a proximate cause, if not the sole and only cause, of this accident or to conclude that the NOPSI bus driver had any chance to avoid the accident. This jury committed manifest error purely and simply.
As to the issues raised against the State and the City, it is unnecessary to address these in view of our conclusion as to decedent’s negligence. Parenthetically, we must observe that the evidence fell far short of establishing plaintiffs’ case against these defendants.
Accordingly, that portion of the judgment which is in favor of plaintiffs and against defendant New Orleans Public Service, Inc. is reversed and set aside and there is judgment in favor of defendant, dismissing plaintiffs’ suit at their cost.
That portion of the judgment dismissing plaintiffs’ suit against the City of New Orleans and the State Department of Highways is affirmed.
REVERSED IN PART, AFFIRMED IN PART, and RENDERED.

. See Casimere v. Ryder Truck Rental, Inc., 324 So.2d 855 (La.App. 4th Cir. 1975).